[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This is a dispute between adjoining land owners as to an asphalt paved area adjacent to defendants' house and office which was purchased from Marion I. Covey on August 11, 1987. She was the mother of plaintiff and from whom plaintiff inherited the lot he describes in paragraph 1 of his complaint from her.
Plaintiff claims in Count 1 that defendants maliciously CT Page 3337 prevented a sale of his property to one Mincho in 1990 by asserting an interest in the portion of plaintiff's land included in the asphalt-paved area. He asserts this interference by defendants made plaintiff unable to sell his lot.
In Count 2 plaintiff claims defendants violated § 47-34a by removing markers placed on the purported boundary line between plaintiff and defendants' property.
In Count 3 plaintiff alleges defendants claim an interest in parts of his land.
 II
The court finds that plaintiff has not sustained his burden of proof under Count 1. There was nothing malicious about defendants' conduct and as will be seen in a moment, they were justified in claiming an interest in the disputed area. Under Count 2 the court cannot in this action impose a fine upon defendants pursuant to the statute. Violation of that statute, if it occurred, would be properly handled by the prosecutor, enforcing misdemeanors.
In Count 3 it is true that defendants do claim an interest in the asphalt-paved area of the land adjacent and contiguous to their home and office.
Defendants purchased their lot and home from plaintiff's predecessor in title in 1987 for $425,000 upon the representation that the home had the necessary zoning approvals for a doctor's office. She knew defendant Alan Comen intended the use of his property for such an office which would require a driveway and parking area for him and his patients' use. At the time of the sale by Marion I. Covey she executed an affidavit (Exhibit 1) in which she acknowledged under oath she had not allowed any encroachments on it or done anything to cloud the title to it. She told defendants they could always use the parking lot. She indicated she owned only about four feet of the asphalt paved area along the south edge out the highway but he could use the entire area for parking and as part of her driveway.
Under these circumstances the court finds it has a situation where Marion I. Covey was the common owner of the lot described in paragraph 1 of plaintiff's complaint and the property purchased on August 11, 1987 by defendants. The paved asphalt area was in existence for a considerable period of time before the sale to CT Page 3338 defendants. In light of what Marion I. Covey knew at the time of the sale to defendants and the importance for him of a driveway and parking area for his patients the rule explained in Rischall v.Bauchman, 132 Conn. 637, 642-643 applies, and an implied grant of an easement to use the parking area and the driveway came into being. Such an easement in this instance would therefore run with the land.
The court therefore renders judgment for the defendants on plaintiff's complaint and in favor of the defendants, and their successors on the Second Count of their counterclaim to the extent of establishing a permanent easement in favor of the defendants running with the land sold to them by Marion I. Covey on August 11, 1987, covering the paved driveway and parking area on the northerly boundary of their premises.
The Court By
GEORGE A. SADEN STATE TRIAL REFEREE